{¶ 27} The majority has determined that Utley v. Kohl, 120 Ohio App.3d does not apply to this case. The Utley decision was based on the court's interpretation of Crim.R. 46 as it existed prior to 1998. The 1998 amendment eliminates the phrase "as a matter of right", and thus the court finds that there is no longer a right to continuation of bond, as held under the prior version. I agree with the majority on this point. A trial judge is in a unique position to determine the circumstances and should be given wide discretion in setting and changing bond.
 {¶ 28} In exercising this discretion, however, a trial judge must be mindful of the Eighth Amendment to the United States Constitution which prohibits the imposition of excessive bail. For our purposes, it is important to determine what factors were considered by the trial judge when deciding to increase petitioner's bail by such a significant amount. The standard for this court in habeas corpus actions is abuse of discretion. In order for us to conduct an effective review, the basis for changing bond should be in some manner contemporaneously stated in order for this court to determine if the bond was changed because of inappropriate considerations or is otherwise an abuse of discretion. I am not suggesting any particular factors, but would require a short statement by the trial court explaining the reason the bond was changed, or what factors the trial judge considered at that time. This is more appropriate than what the parties wanted to be considered or what they guessed at later.
 {¶ 29} From the evidence presented, I believe the bail amount was changed solely because the appellant was able to post the original $120,000 bond. Appellee argues other considerations, albeit in the context of a change in circumstances. We do not know what the trial court considered at the initial point when the original bond was changed. Here, however, there was a bond hearing afterwards before a different judge. At the bond hearing, this trial judge explained the basis of his finding that a change of bond was necessary, i.e. the safety of the victim. This does provide us with a basis for review of changing the original bond. However, we do not know what the trial court considered in setting the amount of the new bond.
 {¶ 30} Even if the reviewing court finds no abuse of discretion in changing the bond, the reviewing court must still determine if the new bond amount is excessive. The majority has done this, weighing the considerations for setting bond pursuant to R.C. 2937.23 (A) (3) and CrimR. 46(C).
 {¶ 31} After reviewing the factors accordingly set forth, and lacking any sort of guidance from the trial court in this case, I must assume that an increase in bail more than four times the original amount is an abuse of discretion. I find no other considerations which would justify an increase in bail from $120,000 to $500,000. I must conclude that the bond of $500,000 is excessive.